UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| NATIVIDAD SILVA, JR.,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>THE BUREAU OF PRISONS, and<br>SCOTT P. FISHER,<br>(Warden - FCI Sandstone),<br><br>  Defendants. | Civil No. 13-479 (ADM/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915. (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed without prejudice.

Plaintiff commenced this action by filing a civil complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) The complaint was not accompanied by the $350.00 filing fee required by 28 U.S.C. § 1914, but Plaintiff instead filed his application seeking leave to proceed IFP. Because Plaintiff is a federal prison inmate, he must pay an initial partial filing fee before he can be allowed to proceed IFP. 28 U.S.C. § 1915(b)(1).

Furthermore, in this particular case, it appears that Plaintiff cannot be granted IFP status in any event, because he is subject to the "three-strikes rule" prescribed by 28

U.S.C. § 1915(g). The three-strikes rule prohibits federal courts from granting IFP status to any prisoner who has had three or more previous cases dismissed because his complaint was frivolous or malicious, or because he failed to state a cause of action on which relief can be granted. A prisoner who is subject to the three-strikes rule cannot be granted IFP status, unless he shows that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court previously determined that Plaintiff is subject to the three-strikes rule, and that his IFP application must therefore be denied, unless he shows that he is under imminent danger of serious physical injury. (Order dated March 7, 2013, [Docket No. 7].) Plaintiff was directed to file an affidavit demonstrating why he should be exempt from the three-strikes rule. (Id.) The Court further ruled that even if Plaintiff could show that he is exempt from the § 1915(g) three-strikes rule (because he is under imminent danger of serious physical injury), his IFP application still would not be granted unless he paid an initial partial filing fee in the amount of $10.45 pursuant to § 1915(b)(1). (Id.)

The Court's prior order in this case clearly informed Plaintiff that he would have to comply with both of the directives set forth in that order within 20 days – i.e., by no later than March 27, 2013. The order expressly stated:

> "[W]ithin twenty (20) days after the date of this order, Plaintiff must show cause why his IFP application should not be denied pursuant to 28 U.S.C. § 1915(g), by filing a comprehensive and compelling affidavit that clearly demonstrates that he currently is under imminent danger of serious physical harm. In addition, within twenty (20) days after the date of this order Plaintiff must also pay an initial partial filing fee of not less than $10.45. To be clear: Plaintiff must file a § 1915(g) affidavit (seeking to be excused from the three-strikes rule), and he must also pay his initial partial filing fee of $10.45, within twenty (20) days. If Plaintiff does not file a timely affidavit showing cause to excuse him from the § 1915(g) three-strikes rule, his IFP application will be denied – even if he has paid his initial partial filing fee – and he will be

2

> required to pay the full $350 filing fee in order to continue to prosecute this case. <u>If Plaintiff does not pay his initial partial filing fee of $10.45 in a timely manner, then he will be deemed to have abandoned this case, and the Court will recommend that the case be summarily dismissed pursuant to Rule 41(b), (even if Plaintiff has filed a timely affidavit showing cause to excuse him from the three-strikes rule)</u>."

(<u>Id</u>., p. 5, [first emphasis in the original; second emphasis added].)

The deadline for satisfying both of the requirements of the Court's prior order has now expired. On March 28, 2013, the Court received an affidavit, (Docket No. 9), which obviously was intended to satisfy the first requirement of the prior order, (i.e., Plaintiff obviously has attempted to show that he should be exempt from the three-strikes rule because he purportedly is under imminent danger of serious physical injury). However, Plaintiff has <u>not</u> complied with the second requirement of the prior order, because he has not paid any initial partial filing fee, nor has he offered any excuse for his failure to do so. Plaintiff has made no effort to explain why he has not paid his initial partial filing fee in a timely manner, even though the Court informed him, very explicitly, that this action would be subject to summary dismissal if he failed to pay his fee as ordered.

Therefore, based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with both of the requirements of the prior order, it is now recommended that this action be dismissed without prejudice. Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). <u>See</u> also <u>In re Smith</u>, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); <u>Amick v. Ashlock</u>, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); <u>Henderson v.</u>

3

Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").[1]

In light of the Court's determination that this action should be summarily dismissed for the reasons explained above, the Court will further recommend that Plaintiff's pending IFP application, (Docket No. 2), and Plaintiff's anomalous motion for "order [for] immediate termination of retaliation," (Docket No. 3), be summarily denied.

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. Plaintiff's motion for "order [for] immediate termination of retaliation," (Docket No. 3), be **DENIED**; and

---

[1] Having determined that this action should be summarily dismissed because Plaintiff has failed to pay his initial partial filing fee, the Court will not address the adequacy of Plaintiff's affidavit pertaining to the three-strikes rule. The Court notes, however, that most of the content of the affidavit is wholly irrelevant to the issue of whether Plaintiff is under imminent danger of serious physical injury at this time. Moreover, to the extent that the affidavit has any relevance to the three-strikes rule, it does not appear to show that Plaintiff is presently exposed to any immediate threat of serious physical harm.

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: April 9, 2013

                                                  *s/ Arthur J. Boylan*
                                                  ARTHUR J. BOYLAN
                                                  Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before April 24, 2013.