UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Natividad Silva, Jr.,

        Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 13-479 ADM/AJB

United States of America,
the Bureau of Prisons, and
Scott P. Fisher (Warden - FCI Sandstone),

        Defendants.

_____

Natividad Silva, Jr., pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Plaintiff Natividad Silva, Jr.'s ("Plaintiff") Objections [Docket No. 11] to Magistrate Judge Arthur J. Boylan's Report and Recommendation ("R&R") [Docket No. 10] of April 9, 2013. The R&R recommends Plaintiff's application for leave to proceed in forma pauperis ("IFP") [Docket No. 2] be denied, and that this action be dismissed without prejudice. Plaintiff filed his Objections to the R&R on April 23, 2013. For the reasons set forth below, Plaintiff's Objections are denied and the R&R is adopted in its entirety.

## II. DISCUSSION

The district court reviews a report and recommendation under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C). Additionally, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

The procedural and factual background of this case, as described in the R&R, is

1

incorporated by reference for review of Plaintiff's present Objections. Plaintiff originally began this action by filing a civil complaint based on alleged violations of his constitutional rights. Comp. [Docket No. 1]. Generally, a plaintiff must submit a $350.00 filing fee, as required under 28 U.S.C. § 1914, along with their complaint to initiate a civil action. In this case, Plaintiff filed the Complaint and sought leave to proceed IFP. R&R at 1. Because Plaintiff is a federal prison inmate, he is still required to pay an initial partial filing fee even if he is granted leave to proceed IFP. Id. at 3-4; 28 U.S.C. § 1915(b)(1).

As a federal inmate, Plaintiff is also subject to the "three-strikes rule" under 28 U.S.C. § 1915(g). Section 1915(g) is intended to prevent frivolous litigation by capping the number of times a federal prison inmate may proceed IFP. The three-strikes rule prohibits a federal court from granting IFP status to a prisoner who has:

> [O]n 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. § 1915(g).

In his March 7, 2013 Order [Docket No. 7], Judge Boylan held Plaintiff was subject to the three-strikes rule and thus presumptively barred from proceeding IFP. Judge Boylan held, however, that Plaintiff appeared to be aware of this bar, and was seeking qualification for the "imminent danger of serious physical injury" exemption from the rule. Mar. 7, 2013 Order. As a result, Judge Boylan held Plaintiff's IFP application would be denied unless he could show, via an affidavit, that he was under "imminent danger of serious physical injury." Id. Even assuming Plaintiff could make this showing, Judge Boylan held, Plaintiff would still need to pay an initial

2

partial filing fee as a federal inmate proceeding IFP. Judge Boylan calculated this amount to be $10.45 based on Plaintiff's average monthly balance in his inmate trust account. R&R at 3-5; see also 28 U.S.C. § 1915(b)(1). As a result, Judge Boylan held that unless both requirements were met within a 20-day period—which ended March 27, 2013—Plaintiff's application to proceed IFP would be denied:

> [W]ithin twenty (20) days after the date of this order, Plaintiff must show cause why his IFP application should not be denied pursuant to 28 U.S.C. § 1915(g), by filing a comprehensive and compelling affidavit that clearly demonstrates that he currently is under imminent danger of serious physical harm. In addition, within twenty (20) days after the date of this order Plaintiff must also pay an initial partial filing fee or not less than $10.45. To be clear: Plaintiff must file a § 1915(g) affidavit (seeking to be excused from the three strikes rule), and he must also pay his initial filing fee of $10.45, within twenty (20) days.

Id. at 5 (emphasis in original).

On March 28, 2013, the Court received Plaintiff's affidavit, in which he attempted to explain why he should be exempt from the three-strikes rule due to imminent danger of serious physical injury. See Silva Aff. [Docket No. 9]. However, Plaintiff did not pay any initial filing fee, nor did he make any effort to explain "why he ha[d] not paid his initial partial filing fee in a timely manner." R&R at 3. Because Plaintiff did not satisfy both requirements of the March 7, 2013 Order in a timely manner, the R&R recommends that Plaintiff's action be dismissed without prejudice. Id. at 3-4; Fed. R. Civ. P. 41(b) (failure to comply with court orders may result in dismissal of an action); see also Amick v. Ashlock, No. 04-1171, 2004 WL 2603590 (8th Cir. Nov. 17, 2004) (unpublished opinion) (a lawsuit may be properly dismissed when a prisoner fails to pay an initial partial filing fee); In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (failure to comply with the requirements of § 1915(b)(1) could result in the dismissal of a

prisoner's action).

In his Objections to the R&R, Plaintiff states his family went to the federal courthouse in Dallas, Texas, to pay his initial partial filing fee on March 28, 2013. Obj. at 2. Plaintiff also provides a receipt number indicating his payment. Id. Beyond this information, Plaintiff's Objections address the bases of his Complaint, and reiterate several of the points made in Plaintiff's affidavit. See generally id.

Plaintiff's action will be dismissed without prejudice. In light of Plaintiff's litigation history and § 1915(g)'s presumptive bar against Plaintiff's IFP application, Judge Boylan's March 7, 2013 Order requiring both an affidavit and the initial partial filing fee was entirely appropriate. Although Plaintiff's family may have paid a partial filing fee for an action pending in the District of Texas, the District of Minnesota Clerk of Courts confirms that no funds were paid in this case. As a result, the initial partial filing fee of $10.45 went unpaid, and Plaintiff failed to satisfy both requirements of the March 7, 2013 Order.

## III.  CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.	The R&R [Docket No. 10] is **ADOPTED** in its entirety;

2.	Plaintiff's Objections [Docket No. 11] are **DENIED**; and

3.	This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 10, 2013.