UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Natividad Silva, Jr.,

      Plaintiff,

v.

United States of America,
the Bureau of Prisons, and
Scott P. Fisher (Warden - FCI Sandstone),

      Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil Case No. 13-479 ADM/AJB

---

Natividad Silva, Jr., pro se.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Natividad Silva Jr.'s ("Silva") Motion for a New Trial under Rule 59(a)(2) of the Federal Rules of Civil Procedure [Docket No. 16] ("Motion"). For the reasons set forth herein, Silva's motion is denied.

## II. BACKGROUND

Silva is a federal prisoner currently in the custody of the Bureau of Prisons. On June 10, 2013, Silva's Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 [Docket No. 1] was dismissed after the Report and Recommendation [Docket No. 10] ("R&R") issued by Magistrate Judge Arthur J. Boylan was adopted in its entirety. Order, Jun. 10, 2013 [Docket No. 13].[1]

Silva's case was dismissed for failure to comply with Judge Boylan's March 7, 2013

---

[1] The procedural posture of Silva's case is more fully explained in the R&R and the Court's previous orders.

Order [Docket No. 7]. When he originally filed this action, Silva requested permission to proceed in forma pauperis (IFP). However, Judge Boylan determined that 28 U.S.C. § 1915(g), also known as the "three-strikes" rule, barred Silva from proceeding IFP unless he qualified for the "imminent danger of serious physical injury" exception.[2] As a result, the March 7, 2013 Order required two conditions to be met by Silva within 20 days of the order. First, Silva was to file a "comprehensive and compelling" affidavit demonstrating he was in imminent danger of serious physical injury. Order, Mar. 7, 2013; see also 28 U.S.C. § 1915(g). Second, Silva was required to pay an initial partial filing fee of $10.45. Id. Silva submitted an affidavit on March 28, 2013. Silva Aff. [Docket No. 9]. However, he did not pay an initial partial filing fee in the District of Minnesota, which led to the dismissal of Silva's action without prejudice. R&R at 3 ("Plaintiff has not complied with the second requirement of the prior order . . . .") (emphasis original); Order, June 10, 2013 (adopting R&R).

Silva now moves for a new trial, arguing the Court incorrectly concluded Silva failed to pay his initial partial filing fee. Silva claims he was unable to access his inmate account due to administrative turnover. Obj. to R&R at 1 [Docket No. 11]. As a result, he directed his family in Texas to pay the filing fee at the District Court in Dallas, Texas. Mem. in Supp. Mot. 2

---

[2] Section (g) reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

[Docket No. 18].

After Silva filed the Complaint on February 28, 2013, the BOP transferred him from the Federal Correctional Institution in Sandstone, Minnesota, to the Federal Correctional Institution in Oxford, Wisconsin. Id. at 3.

## III. DISCUSSION

Silva's Motion asks for a new trial under Rule 59(a)(2) of the Federal Rules of Civil Procedure. However, Silva does not challenge the merits of his underlying conviction in either his Complaint or his present motion. Because there has been no trial of the issues Silva seeks to raise in his Complaint, Rule 59 clearly is not applicable.

Construing Silva's pleading liberally, Silva's motion may be viewed as a Rule 60 motion for relief from a final judgment or order. Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1988) (holding pleadings filed by pro se litigants are to be liberally construed). Rule 60(b) lists the grounds for relief from a final judgment, including mistake, surprise, newly discovered evidence, fraud, and the judgment being void. None of these grounds provide Silva with a basis for relief.

Subsection (b)(6) of Rule 60 provides an additional "catchall" basis for relief, stating a final judgment or order may be set aside for "any other reason that justifies relief." Subsection (b)(6) "does not particularize the factors that justify relief, but . . . it provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988) (citing Klapprott v. United States, 335 U.S. 601, 614-15 (1949)) (internal quotations omitted). However, relief should only be granted in extraordinary circumstances. Ackermann v. United States, 340 U.S. 193, 202 (1950).

Even assuming Rule 60(b)(6) applied here, the requisite extraordinary circumstances do not exist because Silva did not satisfy the second condition of Judge Boylan's March 7, 2013 Order. The District Courts are decentralized, and operate with considerable autonomy. See Admin. Office of the U.S. Courts, Understanding the Federal Courts, United States Courts 29 (2003).³ To that end, as provided in 28 U.S.C. § 1914(a), filing fees must be paid into "such court" as the parties have instituted the civil action—in other words, the court in which the action is filed is the court into which the corresponding fee must be paid. Silva concedes that he did not pay an initial partial filing fee for this action in the District of Minnesota; he paid a fee in the Northern District of Texas. Fees paid to the clerk of court in one district are not credited to actions pending in another, and the District of Minnesota clerk of court has recorded no payment of fees in this action. As a result, Silva's case was dismissed, and no extraordinary circumstances warranting relief exist.

Silva's action was dismissed without prejudice, meaning he has the option to re-file his Complaint. Since dismissal, however, the BOP has transferred Silva to the Federal Correctional Institution in Oxford, Wisconsin. If Silva decides to re-file his action and qualify for the "imminent danger" exception to 28 U.S.C. § 1915(g), he will need to demonstrate how he is currently under such danger at FCI Oxford. See Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (holding the imminent danger exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct"). Similarly, Silva should consider whether his request for

---

³ Available at http://www.uscourts.gov/educational-resources/get-informed/federal-court-basics/understanding-federal-courts.aspx.

4

injunctive relief has become moot due to his transfer. See, e.g., Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding "a prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions"). If Silva does not qualify for the exception to 28 U.S.C. § 1915(g), he may also proceed by paying the full civil litigation filing fee of $350. 28 U.S.C. § 1914.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Silva's Motion for New Trial [Docket No. 16] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 5, 2013.